IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT J. ROGERS, on behalf
of A.M.R and K.M.R.,

                Plaintiff,

  v.                                                       ORDER

MARINETTE COUNTY HEALTH                  14-cv-393-jdp
AND HUMAN SERVICES DEPARTMENT, and
LISA TUOZZO, Ongoing Case Manager,

                Defendants.

---

      Pro se plaintiff Robert J. Rogers initiated this lawsuit on behalf of his minor children, A.M.R. and K.M.R., under 42 U.S.C. § 1983. He alleges that defendants Marinette County Health and Human Services Department and case manager Lisa Tuozzo disclosed his children's medical information without his consent, violating their rights under the Fifth and Fourteenth Amendments to the U.S. Constitution. He also alleges violations of Wisconsin law.

      But plaintiff cannot represent his children pro se; he must obtain counsel to proceed. *Tuttle v. Illinois Dep't of Children & Family Servs.*, 7 F.3d 238 (7th Cir. 1993) ("Although a parent has a right to litigate claims on his own behalf without an attorney, he cannot litigate the claims of his children unless he obtains counsel."); *see also Bullock v. Dioguardi*, 847 F. Supp. 553, 560 (N.D. Ill. 1993) ("A parent may sue on behalf of his or her minor child as a next friend if the parent is represented by counsel and has no interests that conflict with those of the child."). Plaintiff requested assistance in recruiting counsel, Dkt. 4, but failed to provide sufficient documentation of his efforts to find counsel on his own, Dkt. 10. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Plaintiff has again moved for

assistance in recruiting counsel, and has now submitted three letters from lawyers whom he has asked to represent him, and who have declined to do so. Dkt. 13 and Dkt. 15.

As a civil litigant, plaintiff does not have a constitutional or statutory right to counsel. *See, e.g., Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). However, I could, in my discretion, issue an appropriate order to recruit voluntary counsel for plaintiff as his children's next friend. Fed. R. Civ. P. 17(c); 28 U.S.C. § 1915(e)(1). I would do so only if I felt that the merits of the case were sufficient to warrant that allocation of resources. But they are insufficient for the following reasons.

Plaintiff alleges violations of his daughters' constitutional and state-law rights to privacy. *See Anderson v. Romero,* 72 F.3d 518, 521-23 (7th Cir. 1995) (providing a history of the "constitutional right to conceal one's medical history"). He aims to hold Marinette County liable for Tuzzo's actions, but there is no respondeat superior liability for a municipality under § 1983. *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). To prevail, plaintiff would have to show that Marinette County's policy was to *allow* the disclosure. But plaintiff alleges that Marinette County has an "express policy forbidding the access of a client's records, medical or otherwise, to unauthorized individuals without a signed consent form." Dkt. 1, at 5. The policy therefore lacks a "direct causal link" to the alleged constitutional deprivation sufficient to support liability. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Plaintiff also contends that Marinette County was negligent in supervising or training Tuzzo to follow the policy. But to be liable, Marinette County's actions must have been more than negligent; they must have constituted deliberate indifference. *Id.* at 389. The facts that

plaintiff alleges do not support plaintiff's allegation that Tuzzo's isolated mistake was attributable to Marinette County's deliberate choice to not train or supervise her.

Finally, plaintiff contends that Tuzzo is liable individually as a person acting under color of state law who violated his daughters' constitutional and state-law rights. However, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted). And it is hard to see how the minor disclosure alleged in the complaint would damage plaintiff's children.

It is conceivable that plaintiff could overcome these obstacles and succeed on his claims with additional facts supplemented by discovery. But at this point, his complaint does not allege a strong enough basis to justify recruiting voluntary counsel on his behalf. Therefore, I decline to do so. Without counsel, plaintiff is barred from proceeding and his constitutional and state law claims will be dismissed without prejudice. I am dismissing the claims *without* prejudice because they are not his claims; they belong to his children. If plaintiff is able to secure counsel on his own to act as a next friend, or if his children reach the age of majority and decide to pursue these claims themselves, then they may bring these claims in another lawsuit.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert J. Rogers's renewed motion for assistance recruiting counsel, Dkt. 15, is DENIED.

2. The case is dismissed without prejudice because Rogers cannot bring it without representation.

Entered February 4, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge